Filed 10/28/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| FRED FOWLER,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>M&C ASSOCIATION MANAGEMENT SERVICES, INC. et al.,<br><br>    Defendants and Respondents. | A137462<br><br>(Alameda County<br>Super. Ct. No. RG 11600700) |

Plaintiff Fred Fowler, suing on behalf of himself and a putative class of home buyers and sellers, appeals from an adverse judgment entered after the trial court granted a motion for summary judgment in favor of defendants M&C Association Management Services, Inc. and Associations, Inc. (collectively, M&C).[1] Plaintiff's complaint challenges the imposition of transfer fees upon the sale of homes in residential real estate developments by M&C, a property management company retained by residential homeowners associations, without previously having recorded a notice of the fee as allegedly required by Civil Code section 1098.5, subdivision (b).[2] We conclude, as did the trial court, that no such notice was required and therefore shall affirm the judgment.

**Background**

In connection with his purchase of a home in Diablo Grande, a common-interest development in Patterson, California, plaintiff was charged a "Transfer Fee" of $125 and a "Foreclosure Transfer Fee" of $100 (collectively, Transfer Fees). These Transfer Fees

---

[1] M&C Association Management Services, Inc. apparently is a wholly owned subsidiary of Associations, Inc.

[2] All statutory references are to the Civil Code unless otherwise noted.

were imposed by M&C as the managing agent for Diablo Grande's homeowners association (the HOA). As part of the purchase agreement, plaintiff had agreed to be responsible for all HOA Transfer Fees (and the seller had agreed to pay a certain "processing fee"). The Transfer Fees were imposed by a document labeled "Resale Disclosure Certificate" that was provided to plaintiff prior to the close of escrow; the fees were paid through the escrow account. The fees were charged for processing paperwork, filing documentation, and updating the HOA and M&C records. Plaintiff purchased the property from a bank that had obtained title by a prior foreclosure, giving rise to the two fees since the bank had not notified the HOA of the prior transfer. As with all these uncontroverted facts, it is undisputed that M&C did not record a notice of the Transfer Fees as plaintiff contends is required by section 1098.5, subdivision (b).

Plaintiff's complaint contains two causes of action, alleging that M&C's imposition of the Transfer Fees without having recorded the notice required by section 1098.5, subdivision (b) violates both that statute and Business and Professions Code section 17200. Summary judgment was requested and granted on the ground that the Transfer Fees do not constitute "transfer fees" within the meaning of section 1098, so that no recorded notice is required by section 1098.5, subdivision (b). Plaintiff has timely appealed.

**Discussion**

Section 1098.5, subdivision (b) provides: "When a transfer fee, as defined in Section 1098, is imposed upon real property on or after January 1, 2008, the person or entity imposing the transfer fee, as a condition of payment of the fee, shall record in the office of the county recorder for the county in which the real property is located, concurrently with the instrument creating the transfer fee requirement, a separate document" entitled "Payment of Transfer Fee Required" that contains specified information, including the amount of the fee.

The definition of a "transfer fee" in section 1098 begins: "A 'transfer fee' is any fee payment requirement imposed within a covenant, restriction, or condition contained in any deed, contract, security instrument, or other document affecting the transfer or sale

2

of, or any interest in, real property that requires a fee be paid upon transfer of the real property." The section continues, however, by stating, "A transfer fee does not include any of the following:" listing nine categories of fees, including: "(g) Assessments, charges, penalties, or fees authorized by the Davis-Stirling Common Interest Development Act (Title 6 (commencing with Section 1350) of Part 4)."[3]

Section 1368, subdivision (c)(1),[4] part of the Davis-Stirling Common Interest Development Act, in turn provides, with an inapplicable exception: "[N]either an association[5] nor a community service organization or similar entity may impose or collect any assessment, penalty, or fee in connection with a transfer of title or any other interest except for . . . (A) An amount not to exceed the association's actual costs to change its records. . . ."

The right to impose the Transfer Fees in question without recording the "Payment of Transfer Fee Required" document thus turns on whether those fees are authorized by the Davis-Stirling Common Interest Development Act, specifically by what until January 1, 2014, is section 1368, subdivision (c)(1)(A). The trial court concluded, "The Davis-Stirling Act authorizes transfer fees of the sort that were charged here, a 'fee in connection with transfer of title' so long as the fee does not 'exceed the association's actual costs to change its records.' "

The trial court considered its conclusion to be supported by *Berryman v. Merit Property Management, Inc.* (2007) 152 Cal.App.4th 1544 (*Berryman*). In *Berryman*, the court held that section 1368 does not prohibit a managing agent of a residential common interest development from charging transfer fees that include a profit for the agent.

---

[3] This version of the statute is operative until January 1, 2014. As of that date, a different version of section 1098 becomes operative, the only difference being that subdivision (g) refers to the recodified Davis-Stirling Common Interest Development Act as Part 5 of Division 4, commencing with section 4000.

[4] As of January 1, 2014, this provision is contained in section 4575.

[5] An "association" is defined for purposes of this act as "a nonprofit corporation or unincorporated association created for the purpose of managing a common interest development." (§ 1351; as of Jan. 1, 2014, § 4080.) The HOA is such an association.

3

According to the court, "an 'association' may charge a fee for transfer of title in '[a]n amount not to exceed the association's actual costs . . . .' (§ 1368, subd. (c)(1)(A).) These limitations . . . apply to the association, not its managing agent . . . . [¶] . . . [¶] . . . As in *Brown* [*v. Professional Community Management, Inc.* (2005) 127 Cal.App.4th 532 (*Brown*)],[6] an association's 'costs' for purposes of the statute include 'the fees and profit the vendor charges for its services.' (*Brown, supra,* 127 Cal.App.4th at p. 539.) As the court noted in *Brown*, the statutory language prevents associations from charging inflated fees for documents and for transfer of title and using those fees for other purposes; it does not constrain the amount a managing agent may charge for these services. . . . [¶] . . . [¶] . . . The implication . . . that a for-profit business must have statutory or contractual authorization for providing a service to a third party and charging a fee for that service, is fundamentally flawed. Indeed, it is up to plaintiffs to demonstrate why a statute or a contract *prohibits* [the managing agent] from doing so" and section 1368 contains no such prohibition. (152 Cal.App.4th at pp. 1552-1553.)

Plaintiff contends that although, as *Berryman* held, section 1368 does not prohibit a managing agent such as M&C from charging a fee that includes a profit, neither does it authorize the agent to charge such a fee. Therefore, plaintiff argues, the Transfer Fees do not come within the exception in subdivision (g) of section 1098, and are thus transfer fees within the meaning of section of 1098 requiring that a notice in conformity with section 1098.5, subdivision (b) be recorded before the fees may be imposed. Plaintiff's

---

[6] In *Brown,* the court held that section 1366.1 does not prohibit a management company from charging a fee which includes a profit for collection services performed for an association. "[W]e understand the section 1366.1 prohibition, which runs expressly against an 'association,' to mean, for example, that fees or assessments levied against homeowners for the purpose of defraying the cost . . . of the myriad of the association's management and maintenance responsibilities, may not exceed the *cost to the association* for providing those services. [¶] . . . The costs incurred by the association, for which it levies an assessment or charges a fee, necessarily include the fees and profit the vendor charges for its services. While section 1366.1 prohibits an association from marking up the incurred charge to generate a profit for itself, the vendor is not similarly restricted." (*Brown, supra,* 127 Cal.App.4th at pp. 538-539.)

4

argument rests on too literal a reading of section 1368, subdivision (c)(1)(A). Although that provision does not state explicitly that an association may charge a transfer fee so long as the fee does not exceed the association's actual costs, the clear inference is that the association may do so if that qualification is satisfied. In imposing the Transfer Fees, M&C acts as the agent of the HOA (§ 1368, subd. (g)), and as such it is therefore authorized to do on behalf of the HOA that which the HOA is authorized to do. (§ 2305.)[7] It makes no difference that M&C imposes the fees directly on the home buyer, rather than billing the HOA for its services and having the HOA assess the buyer for the cost of the fees and remitting that amount to M&C. (Compare *Berryman, supra*, 152 Cal.App.4th at p. 1548 with *Brown, supra*, 127 Cal.App.4th at p. 536.) In either event, the fees are charged by M&C for the cost of its services and include no override for the benefit of the HOA.

Any possible ambiguity in the language of the statutory provisions is resolved by reference to the legislative history of these sections. Without regard to the subsequent correspondence from the author of the legislation (which confirms the above interpretation), the Senate Judiciary Committee Bill Analysis of Assembly Bill No. 980, which became sections 1098 and 1098.5, makes clear that the recording requirement was not intended to apply to "fees, such as transfer taxes and home owner association processing fees, [which] are generally expected when purchasing homes within California." Rather, the legislation was intended to require advance notification to buyers and sellers of "a new type of transfer fee . . . [d]eemed a 'private real estate transfer fee' . . . [which] amounts to a percentage of the sale price of a home, and is generally paid to a third party not involved in the transaction." (*Ibid.*) The bill analysis cites as examples of such fees a fee of one-half of 1 percent of the sales price of homes going to a private land trust to buy other land to be held as open space, a transfer fee to fund community projects, open space and habitat preservation, and a transfer fee to fund homeless shelters.

---

[7] Section 2305 reads: "Every act which, according to this code, may be done by or to any person, may be done by or to the agent of such person for that purpose, unless a contrary intention clearly appears."

The bill analysis also targeted some transfer fees that "have also been used as a mechanism for the owner of a parcel of property to receive a steady stream of income from their property after it had been sold." (*Id.* at p. 3) The analysis explains that "[i]n light of the novel transfer fees being created and the general lack of knowledge regarding those fees," the recording requirement was imposed to assure disclosure of such fees prior to home purchases. The same analysis points out that this requirement would not apply to, among other fees, "assessments, charges, penalties, or fees authorized by the Davis-Stirling Common Interest Development Act." (*Ibid.*)

Plaintiff also contends the Transfer Fees charged by M&C were in excess of the HOA's actual costs, and thus not authorized by section 1368, subdivision (c)(1)(A) and not within the exception in section 1098, subdivision (g). Plaintiff bases this argument on the fact that under the agreement between the HOA and M&C, M&C was paid a base fee that plaintiff asserts was to cover the cost of maintaining a current list of homeowners and recording changes of ownership. Thus, he argues, any additional fees charged by M&C for performing those services exceeded the association's actual costs and are not authorized by the Davis-Stirling Act. This argument was explicitly rejected in *Berryman, supra,* 152 Cal.App.4th at page 1553. Whether or not in compliance with the terms of the agreement between the HOA and M&C, there is no question but that the fees were charged by M&C for performing the transfer services. The Transfer Fees are the "actual costs" to the association for performing those services. "Even assuming the allegations [of overcharges] are true, plaintiffs are at best incidental beneficiaries and have no standing to recover under the contract." (*Ibid.*) As the court stated in *Brown* and reiterated in *Berryman,* "Competitive forces, not the statute, will constrain the vendors' fees and charges." (*Berryman*, at p. 1552.)

Thus, we conclude that despite the somewhat confusing use of the words "transfer fees" with multiple meanings, the Transfer Fees charged by M&C are not transfer fees within the meaning of section 1098. M&C therefore was permitted to impose those fees without having recorded a notice as specified in section 1098.5, subdivision (b).

**Disposition**

The judgment is affirmed.

_____
Pollak, J.

We concur:

_____
McGuiness, P. J.

_____
Siggins, J.

A137462

| | |
|---|---|
| Trial Court: | Alameda County Superior Court |
| Trial Judge: | Hon. Steven A. Brick, Judge |
| Counsel for Appellant Fred Fowler et al.: | Mike Arias, Mikael H. Stahle, Alfredo Torrijos<br>ARRIAS OZZELLO & GIGNAC, LLP<br><br>Richard V. Mowery |
| Counsel for Respondent M&C Association Management Services, Inc. et al.: | H. Joseph Escher III, Lily A. North, Amy Thayer,<br>DECHERT LLP |
| Counsel for Amicus Curiae Community Associations Institute: | Kelly G. Richardson, Matt D. Ober<br>J. Andrew Douglas<br>RICHARDSON HARMAN OBER |